# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DARRELL T. RODGERS, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 13-1004-CV-W-BP-P |
| | ) |
| LARRY DENNEY, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Crossroads Correctional Center in Cameron, Missouri, has filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2010 convictions and sentences for two counts of second degree murder and two counts of armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner filed a motion for state post-conviction relief pursuant to Mo. Sup. Ct. R. 24.035, the denial of which was upheld on appeal. Rodgers v. State, WD74536 (Mo. Ct. App. Oct. 30, 2012) (unpublished opinion); Respondent's Exhibit F.

Petitioner raises one ground for relief, asserting that his guilty plea counsel provided ineffective assistance when he coerced petitioner into pleading guilty by failing to investigate and prepare a defense for trial. Doc. No. 1. Respondent contends that petitioner's sole ground for relief is procedurally defaulted and, alternatively, is without merit.

## FACTUAL BACKGROUND

In affirming the motion court's denial of petitioner's 24.035 motion, the Missouri Court of Appeals, Western District, set forth the following facts:

> Rodgers was charged with two counts of first-degree murder and two counts of armed criminal action. The indictment alleged that Rodgers fatally shot two victims in the back of the head.
>
> Rodgers pled guilty pursuant to a plea agreement by which the State agreed that in exchange for Rodger's pleas of guilty to the reduced charges of two counts of second-degree murder and two counts of armed criminal action, he would receive two twenty-year terms of imprisonment for the two counts of second-degree murder and two five-year terms of imprisonment for the two counts of armed criminal action. At the plea hearing, Rodgers testified that he was satisfied with plea counsel's representation and that plea counsel had done everything Rodgers asked him to do. Rodgers testified that he was not being forced to plead guilty and that he was doing so because he was guilty. Rodgers's pleas were accepted and he was sentenced in accordance with the plea agreement. All sentences were ordered to run concurrent with each other for a total sentence of twenty years.
>
> Rodgers timely filed his *pro se* Rule 24.035 motion which was followed by an amended motion filed by appointed post-conviction counsel. In his amended motion, Rodgers alleged that plea counsel provided ineffective assistance when he coerced Rodgers to plead guilty by failing to investigate and prepare Rodgers's defense. Rodgers claimed he was prejudiced because had plea counsel *completed* his investigation of Charmain Johnson ("Johnson"), the mother of Rodgers's children, who had recanted her statement to police that she disposed of Rodgers's bloody clothes, he would have been able to prepare a defense. Rodgers claimed that but for plea counsel's failure, Rodgers would not have pled guilty and would have exercised his right to a jury trial. Rodgers thus claimed that his guilty plea was coerced.
>
> After the evidentiary hearing, at which plea counsel, Johnson, and Rodgers testified, the motion court denied Rodgers's Rule 24.035 motion.

Respondent's Exhibit F, pp. 3-4.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1). Because the state court's findings of fact have fair support

in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In petitioner's sole ground for relief, he argues that plea counsel coerced him into pleading guilty by failing to complete the investigation of Johnson's statement about disposal of his bloody clothes and by failing to conduct a more thorough investigation to prove Johnson's allegations with supporting eyewitness testimony from witnesses who saw Johnson being paraded around the neighborhood by police. Doc. No. 1, p. 16. Petitioner also claims that counsel failed to check police travel logs, question the officers involved in the harassment, or talk to people in the neighborhood who witnessed the abuse. Id.

Respondent contends that petitioner did not include any allegation in his amended post-conviction motion or in his post-conviction appeal beyond the claim that plea counsel should have talked with Johnson. Doc. No. 7, p. 6. Therefore, respondent argues, petitioner procedurally defaulted the additional part of his claim because it presents an entirely new factual basis that goes beyond the facts asserted in state court. Id. On January 16, 2014, petitioner filed a reply in support of habeas corpus relief. Doc. No. 11. Petitioner argues in reply that he did raise all of his claims in his post-conviction 24.035 motion and on appeal; thus, his claims are not procedurally defaulted. Doc. No. 11, p. 4.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim . . . . Presenting a claim that is merely similar to the federal habeas corpus claim is

not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Sloan, 54 F.3d at 1381. Petitioner procedurally defaulted his ground of relief insofar as he claims that there were other witnesses and neighbors who would have supported Johnson's allegation of police harassment had plea counsel conducted further investigation by failing to assert the claim in his post-conviction motion or on appeal from the denial of his Rule 24.035 motion. See Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997) (recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998).

Petitioner's grounds in his reply in support of habeas corpus relief, (Doc. No. 11), are not the same claims he raised in his state habeas petition because petitioner asserts in his reply that plea counsel could have talked to his aunt, Vicky Defrance, who would have told plea counsel that petitioner was at her home at the time and night of the murders. Doc. 11, pp. 4-5. Petitioner also states that his uncle, Charles Defrance, knew about the police misconduct because Johnson told him how the police threatened and harassed her. Id. Petitioner contends that this would have confirmed Johnson's statements to plea counsel. Id. Prior to filing his reply, petitioner made no mention of his aunt or uncle in any state court pleadings or motions filed with this Court. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (petitioner must provide the state courts with a fair opportunity to apply controlling legal principles to the facts bearing on his constitutional claim); Abdullah, 75 F.3d at 411-12 (requiring fair presentation of the same facts

4

and legal theories to the state courts). Thus, petitioner's reply in support of habeas corpus relief did not properly present his claims to the state courts and did not prevent petitioner's state procedural default of his ground for relief in this case.

A federal court may not review a procedurally defaulted claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner has not demonstrated cause or prejudice for defaulting this part of his claim. Furthermore, petitioner has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006). As a result, this claim is procedurally defaulted.

In affirming the denial of petitioner's motion for post-conviction relief, the Missouri Court of Appeals, Western District, determined that counsel was not ineffective as follows:

> For his sole point on appeal, Rodgers claims that the motion court erred in denying his Rule 24.035 motion because he demonstrated that his plea was not knowing and voluntary in that counsel coerced him into pleading guilty by failing to complete his investigation of Johnson. Rodgers argues that had his counsel done so, he would not have pled guilty and would have proceeded to trial. We disagree.
>
> . . . . .
>
> At the plea hearing, Rodgers testified that he understood the charges against him and the terms of the plea agreement; that he understood that by pleading guilty he was waiving his rights to a trial and to offer evidence of any defense that he may have; that he desired to plead guilty; that no one was forcing him to plead guilty; and that he was pleading guilty because he was guilty. When the court asked Rodgers about his representation by plea counsel, Rodgers stated that he was satisfied with plea counsel's representation and that plea counsel has

5

done everything that Rodgers asked him to do.

At the post-conviction hearing, plea counsel testified that he met with Johnson during the investigation of the case. Johnson told plea counsel that the police had harassed her to get her statement; that the police told her they would take her kids away; and that the police made her walk in front of a police car through the neighborhood so that others would think she was snitching. Plea counsel stated that Johnson's claim that she was harassed by the police to give a statement against Rodgers, whether believable or not was immaterial in that:

> [T]here was plenty of other evidence that was going to cause problems. To start with there was her own statement where at best I guess if we put her on the stand we would hope that the jury would believe that [her] statement was coerced. But by saying that you gave a false statement you lose a lot of credibility.
>
> But mainly there was the other individual in the back seat placed [Rodgers] at the scene when it happened, and in a nutshell identified him as the shooter. And there was also a neighbor in one of the apartments that was also able to place him at the crime scene.
>
> So I don't know that it would have made much of a difference to the jury what happened to [Johnson].

Plea counsel testified that had Johnson testified at trial, the State could have played the videotape recording of Johnson's statement implicating Rodgers, and could have argued to the jury that the videotaped statement should be believed. Plea counsel testified that he met with Rodgers and informed him of the content of his discussion with Johnson, and explained his reservations about calling Johnson as a witness. Plea counsel also stated that he advised Rodgers to plead guilty based on the law and the evidence in the case, but that ultimately Rodgers made the decision to plead guilty on his own.

Johnson testified that police officers contacted her several times regarding Rodgers's whereabouts. Johnson stated that she eventually gave police detectives a statement that she had gotten rid of Rodgers's bloody clothes. Johnson stated that her statement was false and that she only gave it because the police officers threatened to arrest her and to take her children away. Johnson also testified, however, that the police detectives who actually took her statement did not coerce or threaten her, and were not the same officers she claimed had harassed and threatened her.

Rodgers testified that he was aware that plea counsel had met with Johnson prior to his guilty plea. Rodgers testified that he nonetheless felt plea counsel was unprepared for trial because he did not take notes during his meeting

with Johnson. Rodgers admitted that plea counsel discussed Johnson's recantation of her statement and her allegations regarding police harassment, and that plea counsel advised him that Johnson's testimony could hurt Rodgers as the State would likely respond by playing her videotaped statement. Rodgers testified that plea counsel told him that "it can be 50/50, they can believe the video or they can believe what the detective did to her after the video and before the video. . . . the video will be played but the jury can hear her side, what was said, the reason what was said behind the video, why did she this or stuff like that." Rodgers testified that based on his discussion with plea counsel, he decided to plead guilty.

Rodgers also testified that he would be required to complete eighty-five percent of his twenty-year sentence before he would be eligible for parole, and that he had two years of his sentence completed. Rodgers testified that he understood that if his Rule 24.035 motion was successful, he would be facing two charges of first-degree murder for which he could receive sentences of life without parole if he were found guilty following a jury trial.

In denying Rodgers's Rule 24.035 motion, the motion court noted that Rodgers did not plead guilty on the eve of trial. Rodgers's trial was set for August 23, 2010, and it was the first trial setting. Rodgers pled guilty on July 2, 2010, leaving ample time for trial preparation or a request for a continuance. The motion court found:

> [Rodgers] . . . has failed to prove by a preponderance of the evidence that his counsel's representation fell below an objective standard of reasonableness or that he was prejudiced. By [Rodgers's] own testimony, his attorney did investigate Ms. Johnson's claims of coercion and reported his finding, albeit not in writing, to [Rodgers]. [Rodgers] admits that he had discussed with his trial counsel whether Ms. Johnson's testimony would be of any benefit to his case and that even with her testimony no clear defense existed. [Rodgers] also admitted that after these discussions with counsel he decided to take the State's offer and plead guilty.
>
> There is no evidence of a failure to investigate, nor is there evidence of coercion. On the contrary, evidence of an investigation at the evidentiary hearing was undisputed and admitted by [Rodgers]. Viewing the evidence from an objective standard, it is clear that a reasonable investigation took place, followed by attorney-client discussions over the relative importance of the investigated evidence, which lead [Rodgers] to decide to plead guilty. [Rodgers] has not been prejudiced.

The motion court noted that Rodgers accepted a negotiated plea offer of twenty years imprisonment on the reduced charges of second-degree murder. Otherwise, Rodgers was facing sentences of life without the eligibility of parole if

7

he was convicted of first-degree murder. The motion court further noted that Rodgers's testimony at the guilty plea demonstrated that he had the opportunity to raise concerns about his counsel but did not do so. Finally, the motion court noted the evidence against Rodgers if he were to proceed to trial included two witnesses, one that would testify that Rodgers was the shooter and that he was sitting next to Rodgers in the back seat of the vehicle where the shooting occurred, and another who would place Rodgers at the crime scene.

The trial court's denial of Rodgers's motion is not clearly erroneous.

Rodgers claims he was coerced into pleading guilty. He presumably frames his claim in this fashion to distinguish it from a bare claim of failure to investigate as "'[a] guilty plea generally waives any future complaint the defendant might have about trial counsel's failure to investigate his case.'" *Bogard v. State*, 356 S.W.3d 850, 854 (Mo. App. W.D. 2012) (quoting *Simmons v. State*, 100 S.W.3d 143, 146 (Mo. App. E.D. 2003). In contrast, a claim that one was coerced into pleading guilty because counsel was unprepared for trial is not summarily waived by entering a guilty plea. *Morrison v. State*, 65 S.W.3d 561, 564 (Mo. App. W.D. 2002).

Regardless the manner in which Rodgers has framed his claim, Rodgers is nonetheless required to establish "what information plea counsel failed to discover, that a reasonable investigation would have resulted in the discovery of such information, and that the information would have aided and improved the defense." *Bliss v. State*, 367 S.W.3d 190, 195 (Mo. App. S.D. 2012). Rodgers has not sustained this burden.

In his brief, Rodgers alleges only that "[Rodgers's] attorney did not go into much detail about the conversation [with Johnson], or provide him with any notes he took during the conversation. [Rodgers] testified that he decided to take the plea deal at that point. . . . [T]his testimony establishes that [Rodgers's] plea was not knowing and voluntary." This bare allegation fails to establish what information plea counsel failed to discover, or how note taking would have made any difference. It is uncontested that plea counsel discussed with Rodgers the potentially harmful impact that Johnson's testimony could have on his defense should the State respond by playing the videotape of Johnson's statement implicating Rodgers.

Further, Rodgers testified that his discussions with plea counsel regarding Johnson's statements occurred before Rodgers entered his guilty plea. Thus, plea counsel's alleged failure was known to Rodgers at the time of the guilty plea. Yet, the guilty plea record reflects that Rodgers had ample opportunity to complain about plea counsel and that instead of doing so, he stated unequivocally that he was satisfied with counsel's performance, that he had not been threatened into pleading guilty, and that he was pleading guilty because he was guilty. *See Morrison*, 65 S.W.3d at 564.

8

Rodgers has not established that his plea counsel performed ineffectively. Plea counsel's suggestion to Rodgers that Johnson's testimony could do more harm than good was not unreasonable advice, particularly in light of the compelling additional evidence of Rodgers's guilt. Rodgers has not explained to us how any further investigation into Johnson's assertions of harassment would have altered plea counsel's advice.

In view of Rodgers's failure to identify what information plea counsel failed to discover, it is not surprising that Rodgers has also failed to elaborate on how he was prejudiced by counsel's alleged failure to *further* investigate Johnson's recanted statement.

The motion court's findings are not clearly erroneous. The point is denied.

Respondent's Exhibit F, pp. 5-11.

In Strickland, the Court held that, in order for petitioner successfully to assert a claim for ineffective assistance of trial counsel, petitioner must demonstrate that his attorney's performance "fell below an objective standard of reasonableness" and that "the deficient performance" actually prejudiced him. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). This Court, moreover, may not grant habeas relief unless the state appellate court's decision "was contrary to, or an unreasonable application of, the standard articulated by the [United States] Supreme Court in Strickland." Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999), cert. denied, 530 U.S. 1265 (2000). To show prejudice, petitioner must establish with "reasonable probability" that he would not have entered a guilty plea and would have insisted on going to trial had counsel been effective. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73 (1977). "[T]he courts must resist the temptation to second-guess a lawyer's trial strategy; the lawyer makes choices based on the law as it appears at the time, the facts as disclosed in the proceedings to that point, and his best judgment as to the attitudes and

9

sympathies of judge and jury." Blackmon v. White, 825 F.2d 1263, 1265 (8th Cir. 1987). "[I]t is not enough to complain after the fact that [petitioner] lost, when in fact the strategy at trial may have been reasonable in the face of an unfavorable case." Id. (citation omitted).

"[A] determination of a factual issue made by a State court shall be presumed to be correct," and petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" Weeks v. Bowersox, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting Blackledge, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that his guilty plea was not voluntary, knowing, and intelligent. See Hunter v. Bowersox, 172 F.3d 1016, 1022 (8th Cir. 1999), cert. denied, 528 U.S. 1140 (2000). As to petitioner's sole ground, the Missouri Court of Appeals, Western District, affirmed the motion court's finding that petitioner's testimony that counsel failed to investigate Johnson's statement of police harassment was not credible and was inconsistent with the record, which included testimony from petitioner's counsel and the petitioner himself that counsel discussed the reasons Johnson's statement was immaterial and his reservations about calling her as a witness when negotiating the case. Respondent's Exhibit F, p. 7. Additionally, the Missouri Court of Appeals found that petitioner's claim that he informed counsel of the existence of several witnesses was insufficient because petitioner failed to allege the specific information the witnesses would have presented or that the information would have aided petitioner's defense. Respondent's Exhibit F, p. 10.

Applying the Strickland v. Washington standard, the Missouri Court of Appeals held that petitioner failed to establish that his counsel's performance fell below a reasonable level of assistance. Because the state court's determination was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), petitioner's sole ground for relief will be denied.

## **CERTIFICATE OF APPEALABILITY**

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) the issuance of a certificate of appealability is denied; and

(3) this case is dismissed with prejudice.

    /s/ Beth Phillips               
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 18, 2014.